IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-09-CR-069 JRN |
| | § | |
| LUIS GOMEZ | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE JAMES R. NOWLIN
     SENIOR UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. The Court conducted a hearing on October 9, 2013, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I.  PROCEDURAL BACKGROUND

On July 28, 2009, Luis Gomez was sentenced to 52 months imprisonment, followed by three years of supervised release, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Gomez commenced his supervision on April 11, 2013.

Gomez did poorly on supervision from the start. At his first office visit on April 12, 2013, Gomez was instructed to report to the U.S. Probation Office on May 13, 2013. On May 10, 2013, the Probation Officer attempted to verify the defendant's reported residence through a home visit. When the officer found no one home, she called the defendant, who stated he was home. When the officer informed the defendant she was on his front porch, the defendant disclosed he had spent the

night elsewhere and had yet to return home. Then, on May 13, 2013, Gomez failed to report for his scheduled office visit. The Probation Officer thus conducted another home visit.  When questioned as to his failure to report in May, the defendant stated he did not know it was his responsibility to ensure he reported for office visits. He said he had never been on supervision before and was not aware of the expectations of being on supervision.

On July 22, 2013, the defendant was referred to the Probation Office's in-house substance abuse treatment class and enrolled in random drug testing surveillance. The class was scheduled to begin on August 12, 2013. To serve as a reminder for class and to make it convenient for him to attend, the Probation Officer scheduled the defendant's next appointment date for August 12, 2013. On July 27, 2013, the Probation Officer attempted a home visit, but no one was home, and on July 29, 2013, the urine sample the defendant provided tested positive for cocaine.

On August 2, 2013, the Probation Officer attempted a home visit to address the positive drug test and remind the defendant of his appointment on August 12, 2013. She found no one home. On August 10, 2013, the officer conducted another home visit. The defendant's cousin was home, but the defendant was not. The cousin advised that the defendant had not been home for several weeks, and while some of his belongings were there, he had not been residing there.  The defendant failed to report for a drug test on August 12, 2013, failed to report for his scheduled office visit, and failed to report for his first substance abuse treatment class.  Over the next week, the Probation Officer made numerous phone calls to the defendant to remind him of his substance abuse classes and to discuss his noncompliance.  The defendant never answered or returned the calls. He also missed his second substance abuse treatment session on August 19, 2013, and was unsuccessfully discharged from the class.

On August 20, 2013, the defendant reported for a random drug test. When confronted about his prior positive drug test, he admitted using cocaine. He further promised the drug test submitted that day would be negative. To the contrary, the test results were positive for cocaine. When confronted regarding where he was living, the defendant admitted he was not residing with his cousin, but instead had been living with his girlfriend. The Probation Officer directed the defendant that he must live where he will be most successful on supervision. The defendant stated that he wished to reside at his sister's residence, but stated did not have the address at that time. He was thus directed to text the address to his officer by 10:00 p.m. that evening. Consistent with his actions to this point, he failed to do so, but did provide the address several days later. On September 5, 2013, the defendant reported for a scheduled office visit, and when confronted, adamantly denied having used narcotics since July, and attributed the positive results on the August 20th sample to having touched some cocaine.

Finally, and somewhat predictably given the above, on September 11, 2013, the defendant was arrested by Austin Police Department officers after a traffic stop, and charged with possession of a controlled substance, based on the discovery of a bottle with 28 hydrocodone pills, a glass Pyrex dish with cocaine residue, a digital scale, and .03 grams of crack cocaine. The defendant was a passenger in the vehicle, and the driver is a person with a felony conviction. The defendant was released on a bond on September 12, 2013. The Probation Officer did not have contact with the defendant until September 19, 2013, when he called his officer, but failed to disclose that he had been arrested. The defendant was scheduled to report to the Probation Office on September 19, 2013, but an hour before his visit he called and asked to reschedule. He stated he was working in Manor, Texas and could not get off.

Based on all of the above, on September 19, 2013, the Probation Office submitted its petition alleging that the Defendant had violated his conditions of supervision. The undersigned authorized the issuance of a warrant that same day. The Defendant was arrested on that warrant on October 2, 2013.

On October 8, 2013, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocation Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "True" to the allegations of petition, with the exception that he declined to make a plea of true to the violation stemming from the pending state criminal charges, and the Government withdrew that alleged violation.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2. The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3. The Defendant received a copy of the Petition naming him, and he read it.

4. The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5. The Defendant waived his preliminary hearing.

6. The Defendant voluntarily gave consent to allocute before a U.S. Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-

examine witnesses at the hearing, and waived that right.

      8.      The Government gave a summary of the evidence against the Defendant.

      9.      The plea of true was freely, intelligently, and voluntarily made by the Defendant.

      10.      The Defendant understood all of his statutory and constitutional rights.

      11.      The Defendant violated conditions of his supervised release by (1) failing to attend substance abuse counseling (2) failing to report to the Probation Office as directed; (3) using a controlled substance; (4) frequenting places where controlled substances are sold, used and distributed; (5) associating with a felon without permission; and (6) failing to notify the Probation Office of his arrest.

### III.  RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade C, and the Defendant's criminal history category was a IV, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment. Having considered all of the above, and noting the fact that the Defendant has failed miserably in his supervised release, the undersigned RECOMMENDS that the Defendant be sentenced to 12 months and one day of imprisonment, with no supervised release to follow.

### IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and

Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).  Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 9th day of October, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE